## Kuyk *v.* Yates, Appellant.

*Contract—Sale—Compromise—Payment.*

In an action to recover a balance for goods sold, a verdict and
judgment for plaintiff will be sustained, where it appears that the
plaintiff sold azaleas at the expense and risk of the defendant dur-
ing transit; that the azaleas were frozen during transit alleged by
defendants to be due to careless packing; that plaintiffs agreed to
replace the plants provided their account should first be paid, that
defendants paid part of the account, and that they refused to pay
the balance.

Argued Dec. 11, 1916.   Appeal, No. 325, Oct. T., 1916,
by defendants, from judgment of Municipal Court, Phil-
adelphia Co., Nov. T., 1915, No. 212, on verdict for plain-

488, (1917).] Statement of Facts—Opinion of the Court.
tiffs on trial by court without a jury in case of K. J.
Kuyk, to the use of William Beylin v. Thaddeus N. Yates
and Walter N. Yates, trading as Thaddeus N. Yates &
Co.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD,
KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for goods sold and delivered.  Before GOR-
MAN, J.
The facts appear by the opinion of the Superior Court.
Verdict and judgment for plaintiffs for $182.90.  De-
fendants appealed.

*Error assigned* was in entering judgment for plain-
tiffs.

*Daniel C. Donoghue,* for appellants.—That the defend-
ant was not bound to perform his part of the contract
without preceding or simultaneous performance or ten-
der of performance by the plaintiff, is beyond question :
Pinkus v. Hamaker, 11 S. & R. 200 ; Keeler v. Schmertz,
46 Pa. 135 ; Kunkle v. Mitchell, 56 Pa. 100 ; Gormley v.
Stovell, 3 W. N. C. 79 ; Miller v. Blessing, 17 Philadel-
phia 307 ; Shimp v. Gray, 41 Pa. Superior Ct., 542.

*P. S. Noar Klein,* for appellee, cited : Hearn v. Kiehl,
38 Pa. 147.

OPINION BY KEPHART, J., March 16, 1917 :
This action was brought to recover the price of azaleas
shipped from abroad.  The contract of sale provided
that "all......orders......travel......at the expense
and risk of the purchaser......Our responsibility for
the bulbs and plants sent......ceases......at the mo-
ment such goods leave our nursery."  The appellants de-
clined to pay, averring that the azaleas were frozen when
they reached this country, and this was the result of
careless packing.  In an effort to hold the appellants'
good will, the appellee agreed to make an additional

shipment of 750 azaleas to replace the ones frozen, on condition that the appellants should first pay, according to the contract, for the azaleas shipped in the first order. Appellants replied by letter, in which it was stated: "In reference to the financial end of it, we regret very much that we could not have settled this matter long ago and you would then had your money and everything would have been O. K., but as explained to your Mr. Hens this spring we had a very serious loss by fire this last winter, and would not be able to meet the payments as suggested in your letter. However, as you know we are O. K. and you always received your money in the past and if you deal with us in the future, you will always be paid as formerly. We enclose you check for $100.00, which is contingent on your accepting the terms in this letter." A reply was made by the appellee declining to yield anything more than he had in his original proposition. The difference between the parties was the place for delivering the second lot of azaleas. No question seems to have been raised in any of the correspondence over the condition that payment was required before the additional shipment should be made. Appellee's proposal contemplated performance as a condition precedent to the receipt of the goods, and the appellants so regarded it in their subsequent conduct, notwithstanding the notation in the letter remitting $100. After the receipt of appellee's letter declining to do anything further than had been first offered in replacing the azaleas, appellants sent a check for $300 on account of the bill, and in their letter to the collection agency practically admitted that payment was necessary before they could secure the azaleas promised. The use of the check for $100 would therefore not alter the proposition originally made by the appellee, or bind him to certain terms expressly disagreed to. There is no question but that appellee's proposition was agreed to by the appellants, as is evidenced from their letter and conduct in making payments on appellee's account. The facts do not present

the case of a sale of goods where the delivery and payment of the price are presumptively intended to be concurrent acts.   Appellants' authorities are therefore not in point.   It was the duty of the appellee to pay before he could expect delivery under the terms of the so-called compromise agreement, if this agreement was in effect after the date specified therein.

No assignment is presented averring error by the court in permitting the amendment to be made to the statement of claim, and no discussion of this question is necessary.   The court below, having found the facts in appellee's favor, and there being no errors of law appearing on the record, the judgment is affirmed.